United States District Court
Southern District of Texas
**ENTERED**
October 14, 2021
Nathan Ochsner, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
VICTORIA DIVISION

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | § | |
| | § | |
| v. | § | Criminal Action No. 6:21-cr-00121-3 |
| | § | |
| **ADRIAN KEVIN CAMPBELL** | § | |

## ORDER

Pending before the Court is *pro se* Defendant Adrian Kevin Campbell's objection, (Dkt. No. 128), to United States Magistrate Judge Julie K. Hampton's orders that construed Campbell's various filings as objections to her August 24, 2021 Memorandum and Recommendation (M&R).[1] (Dkt. No. 110); (Dkt. No. 115); (Dkt. No. 117). Campbell argues that his filings "are not intended to serve as additional objections" and should instead "be addressed individually." (Dkt. No. 128 at 2).

A federal district court "may reconsider" a magistrate judge's pretrial order if "it has been shown that the magistrate judge's order is clearly erroneous or contrary to law." 28 U.S.C. § 636(b)(1)(A). Federal Rule of Criminal Procedure 59 also provides in relevant part:

> A district judge may refer to a magistrate judge for determination any matter that does not dispose of a charge or defense. The magistrate judge must promptly conduct the required proceedings and, when appropriate, enter on the record an oral or written order stating the determination. A party may serve and file objections to the order within 14 days after being served with a copy of a written order or

---

[1] Specifically, Judge Hampton construed the following filings as Campbell's objections to the August 24, 2021 M&R: (Dkt. No. 109); (Dkt. No. 111); (Dkt. No. 112); (Dkt. No. 113); (Dkt. No. 114); (Dkt. No. 116).

> after the oral order is stated on the record, or at some other time the court sets. The district judge must consider timely objections and modify or set aside any part of the order that is contrary to law or clearly erroneous.

Fed. R. Crim. P. 59(a).

Judge Hampton's orders are not clearly erroneous or contrary to law. In his objection, Campbell does not explain how Judge Hampton erred. Rather, he merely states that his filings should be considered standalone motions rather than objections. (Dkt. No. 128). Campbell also re-asserts the same arguments he raised in his recent filings: that the Court must dismiss his criminal charges because there is not subject matter jurisdiction and that the United States lacks standing to prosecute him. (*Id.*). On October 8, 2021, the Court concluded that Campbell's objections raising these same arguments were frivolous and adopted the M&R. (Dkt. No. 125). In reaching this conclusion, the Court considered the same filings that Campbell argues should be considered as standalone motions. *See* (*Id.* at 1 n.2). Whether in the form of standalone motions or objections to the M&R, Campbell raises frivolous arguments that have no basis in law. Accordingly, the Court **AFFIRMS** Judge Hampton's orders. (Dkt. No. 110); (Dkt. No. 115); (Dkt. No. 117).

It is SO ORDERED.

October 13, 2021

_Drew B. Tipton_
DREW B. TIPTON
UNITED STATES DISTRICT JUDGE