United States District Court
Southern District of Texas

**ENTERED**

May 03, 2024

Nathan Ochsner, Clerk

## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF TEXAS
## VICTORIA DIVISION

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | § | |
| | § | |
| **VS.** | § | **Criminal Case No. 6:21-CR-00121-003** |
| | § | **Civil Case No. 6:23-CV-00056** |
| **ADRIAN KEVIN CAMPBELL** | § | |

### <u>MEMORANDUM OPINION AND ORDER</u>

Pending before the Court is Defendant/Movant Adrian Kevin Campbell's *pro se* motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255 (the "Motion"), (Dkt. No. 416), to which the United States of America (the "Government") has responded, (Dkt. No. 423), and Campbell has replied, (Dkt. No. 424).[1] For the reasons stated herein, the Motion is **DENIED**.

## I.    BACKGROUND

Campbell and six coconspirators were charged in a superseding indictment with conspiracy to possess with intent to distribute more than five kilograms of cocaine. Magistrate Judge Julie K. Hampton conducted Campbell's arraignment and detention hearing, during which Campbell waived his right to counsel and chose to represent himself. An appointed Assistant Federal Public Defender remained as standby counsel, and Campbell pled not guilty. This Court later conducted Campbell's rearraignment hearing, during which he proceeded *pro se* with standby counsel and pled guilty to Count 1S without a written plea agreement.

---

[1]    Docket Numbers (Dkt. No.) refer to the criminal case.

As noted throughout this case, Campbell maintains "sovereign citizen" beliefs. As one court has explained:

> The "Sovereign Citizens" movement is based on a theory where [Sovereign Citizens] view the "USG [U.S. Government] as bankrupt and without tangible assets; therefore, the USG is believed to use citizens to back U.S. currency. Sovereign citizens believe the USG operates solely on a credit system using American citizens as collateral." *El v. AmeriCredit Fin. Servs., Inc.*, 710 F.3d 748, 750 (7th Cir. 2013) (citation omitted); *see also Cooper v. United States*, 104 Fed. Cl. 306, 313–314 (2012) (explaining that "an individual who identifies with the Sovereign Citizen Movement considers himself to be his own sovereign, not a United States citizen, and therefore 'believe[s] that [he is] not subject to government authority.' *Gravatt v. United States*, 100 Fed. Cl. 279, 282 (2011). Members of this movement think that [t]he federal government . . . has tricked the populace into becoming U.S. citizens by entering into 'contracts' embodied in such documents as birth certificates and social security cards. With these contracts, an individual unwittingly creates a fictitious entity (*i.e.*, the U.S. citizen) that represents, but is separate from, the real person. Through these contracts, individuals also unknowingly pledge themselves and their property, through their newly created fictitious entities, as security for the national debt in exchange for the benefits of citizenship.").

*United States v. Graham*, 452 F. Supp. 3d 871, 881 n.2 (D. Minn. 2020), *aff'd*, 2020 WL 6326339 (8th Cir. June 4, 2020). "Sovereign citizens often attempt to use these beliefs to 'avoid paying taxes, extinguish debts, and derail criminal proceedings.'" *Westfall v. Davis*, 2018 WL 2422058, at *2 (N.D. Tex. May 4, 2018), *report and recommendation adopted*, 2018 WL 2414794 (N.D. Tex. May 29, 2018) (quoting *Gravatt*, 100 Fed. Cl. at 282).

Based on his sovereign citizen beliefs, Campbell filed more than a dozen meritless *pro se* motions objecting to these proceedings before he eventually pled guilty. These included a Motion to Dismiss, (Dkt. No. 37); Notice to Cease and Desist Administering

the ADRIAN KEVIN CAMPBELL ESTATE of the Living, (Dkt. No. 38); Affidavit of Life, (Dkt. No. 43); Motion for Jurisdictional Hearing and to Confront the Competent Fact Witness, (Dkt. No. 68); Motion to Dismiss Action Due to Unverified and Unendorsed Complaint, (Dkt. No. 69); Motion to Dismiss for Lack of Article III Sec. 2 Standing Per Rule 12(b)(2), (Dkt. No. 70); Affidavit of Facts and Notice of: Lack of Subject Matter Jurisdiction: Malicious Prosecution: Denial of Rights, (Dkt. No. 73); Notice of Payment into Court, (Dkt. No. 74); Judicial Notice, (Dkt. No. 108); Motion to Dismiss for Want of Sufficient Pleading, (Dkt. No. 109); Motion to Dismiss for No Injured Party, (Dkt. No. 111); Motion to Dismiss for Vindictive Prosecution, (Dkt. No. 112); Motion to Compel and Timely Request for Essential Information that is Absent from the Court Record, (Dkt. No. 113); Motion to Dismiss Defective Indictment, (Dkt. No. 114); Motion to Vacate Void Order, (Dkt. No. 116); Motion to Dismiss Plaintiff Possesses No Territorial Jurisdiction to Prosecute Defendant, (Dkt. No. 120); Motion to Stay Proceeding Until Injury in Fact Is Established, (Dkt. No. 127); Motion to Dismiss for Lack of Jurisdiction, (Dkt. No. 130); Motion to Dismiss for Lack of Consent, (Dkt. No. 135); Motion to Cease and Desist the Above-Mentioned Court Action and Defendant 2nd Notice of Objection to Submit to the Jurisdiction of the Court, (Dkt. No. 148); Motion for the Court to Use the Accepted and Endorsed Presentment to Discharge the Charges, Zero the Balance, and Close the Account Immediately, (Dkt. No. 178); and Motion to Produce the Essential Information in Order to Prepare for Trial, (Dkt. No. 200).

Magistrate Hampton eventually sanctioned Campbell and ordered that he must obtain leave of Court before filing any further motions in this case. (*See* Dkt. No. 207).

Campbell objected and continued to file additional *pro se* motions following his guilty plea, including a Motion to Recuse, (Dkt. No. 284); Motion for Judgment, (Dkt. No. 300); Motion to Dismiss Color of Law Proceeding for Lack of Constitutional Authority, (Dkt. No. 303); and Motion to Dismiss Color of Law Proceeding Due to Violation of My Constitutionally Protected Rights, (Dkt. No. 317). All were denied.

Sentencing was held over two days, during which Campbell again proceeded *pro se* with standby counsel. Both parties requested a sentence below the advisory Guidelines range. Following Campbell's allocution, the Court varied downward and imposed the statutory minimum sentence of 120 months' imprisonment, as well as five years' supervision and a $100 special assessment.

Campbell appealed his conviction and sentence *pro se*. The Fifth Circuit affirmed, and its judgment issued as mandate on August 8, 2023. Campbell filed the present Motion under Section 2255 on October 12, 2023. It is timely.

## II.    CAMPBELL'S ALLEGATIONS

The Motion alleges that the Court's judgment is void because:

1)    The "corporate plaintiff," *i.e.*, the Government, offered no evidence of a lawfully binding contract between itself and Campbell, and he owed the Government no fiduciary duty or contractual obligation to follow the law;

2)    The Government offered no evidence proving that it suffered an injury-in-fact or other harm from Campbell's alleged breach of contract;

3)    The Court is actually a private company, "as opposed to a legitimate and official judicial court," and acted in an administrative capacity and without jurisdiction;

4)     The Court violated federal law and deprived Campbell of his "right to freedom, liberty, property, and due process" when it denied, overruled, and ignored his objections to the proceedings;

5)     The Court lacked "consent jurisdiction" and violated Campbell's right not to be bound to a plea agreement that was not entered into knowingly, willingly, intentionally, and voluntarily, but was instead the result of threat, stress, duress, intimidation, and coercion;

6)     The Judgment lacks a "legitimate judicial officer's signature;"

7)     The Court violated the Clearfield Doctrine when it ordered Campbell to pay a special assessment without a contract;

8)     The Court intended to profit and unjustly enrich itself from Campbell's incarceration, and it violated "the supreme law" by issuing bonds on his case via the Court Registry Investment System without his knowledge or consent;

9)     The Court violated Campbell's due process rights when it ignored that he had "repudiated the federal corporate body politic, the federal jurisdiction, and actual implied obligation owed to" the Government or any administrative agencies; and

10)     Campbell's guilty plea was void because there was no evidence supporting the factual basis for his plea.

(Dkt. No. 416, pp. 1–2).

The Government responds that each claim is foreclosed by the Fifth Circuit's opinion affirming Campbell's conviction and sentence, is legally meritless, or is otherwise procedurally barred.

## III.    28 U.S.C. § 2255

There are four cognizable grounds upon which a federal prisoner may move to vacate, set aside, or correct his sentence: (1) constitutional issues, (2) challenges to the district court's jurisdiction to impose the sentence, (3) challenges to the length of a sentence in excess of the statutory maximum, and (4) claims that the sentence is otherwise

subject to collateral attack. 28 U.S.C. § 2255; *United States v. Placente*, 81 F.3d 555, 558 (5th Cir. 1996). "Relief under 28 U.S.C. § 2255 is reserved for transgressions of constitutional rights and for a narrow range of injuries that could not have been raised on direct appeal and would, if condoned, result in a complete miscarriage of justice." *United States v. Vaughn*, 955 F.2d 367, 368 (5th Cir. 1992).

## IV.  ANALYSIS

### A.  GROUNDS DENIED ON APPEAL

In Ground 2 of the Motion, Campbell complains that the Government offered no evidence proving that it suffered an injury-in-fact or other public harm. In Ground 3, he claims the Court acted in an administrative capacity and without jurisdiction. In Ground 4, he claims the Court violated his due process rights when it overruled his objections to the proceedings. Campbell similarly complains in Ground 9 that the Court violated his due process rights when it ignored that he had repudiated any obligations to the Government. In Ground 5, he claims his plea was unknowingly, involuntary, and the result of coercion and duress. He similarly claims in Ground 10 that there was no evidence supporting the factual basis for his guilty plea.

Campbell raised these same claims on appeal. (*See* Brief of Defendant-Appellant, *United States v. Campbell*, No. 22-40607 (5th Cir. Feb. 22, 2023), Dkt. No. 52). The Fifth Circuit rejected each argument, stating: (1) "[W]e reject his claim that the district court lacked jurisdiction under Article III"; (2) "His attacks on the district court's personal and territorial jurisdiction are meritless . . . [a]nd any technical defects in the criminal complaint are immaterial"; (3) "Campbell's unconditional guilty plea waived any

nonjurisdictional defects preceding the plea," and his "fail[ure] to brief any argument

concerning the denial of two motions filed while he awaited sentencing . . . constitutes

another waiver"; (4) "Campbell admitted to a factual basis that . . . sufficed to prove each

element of the offense"; and (5) "To the extent Campbell suggests he was pressured into

pleading guilty, the suggestion is refuted by statements made in his plea colloquy."

*United States v. Campbell,* 2023 WL 4559374, at *1–2 (5th Cir. July 17, 2023) (unpublished).

Because these claims were already raised and denied on direct appeal, Campbell

may not relitigate them now in a Section 2255 motion. *See United States v. Kalish*, 780 F.2d

506, 508 (5th Cir. 1986) ("It is settled in this Circuit that issues raised and disposed of in a

previous appeal from an original judgment of conviction are not considered in § 2255

Motions.").

Accordingly, Campbell's claims in Grounds 2, 3, 4, 5, 9, and 10 are denied.

## B.   GROUNDS NOT RAISED ON APPEAL

Campbell also raises a number of claims that he could have raised on appeal but

did not. In Ground 1, he claims that because the Government offered no evidence of a

lawfully binding contract between itself and Campbell, he was under no obligation to

follow the law. Ground 6 complains that the Judgment is void because it lacks a

"legitimate judicial officer's signature." In Ground 7, he claims the Court violated the

Clearfield Doctrine[2] when it ordered him to pay a special assessment without a contract.

---

[2]     Campbell's reliance on the Clearfield Doctrine is "[p]resumably a reference to *Clearfield Trust Co. v. United States*, 318 U.S. 363 (1943), in which the Supreme Court of the United States held that federal negotiable instruments were governed by federal law." *United States v. Saul*, 2011 WL 13220396, at *7 (E.D. Tex. July 19, 2011). *Clearfield* does not apply here.

Finally, Campbell claims in Ground 8 that the Court intended to unlawfully profit and unjustly enrich itself from his incarceration by issuing bonds on his case via the Court Registry Investment System without his knowledge or consent.[3]

"[I]t is well settled that where a defendant has procedurally defaulted a claim by failing to raise it on direct review, the claim may be raised in a § 2255 motion only if the movant can first demonstrate either (1) cause and prejudice, or (2) that he is 'actually innocent' of the crime for which he was convicted." *United States v. Torres*, 163 F.3d 909, 911 (5th Cir. 1999) (quoting *United States v. Sorrells*, 145 F.3d 744, 749 (5th Cir. 1998)); *see also United States v. Cervantes*, 132 F.3d 1106, 1109 (5th Cir. 1998) ("[R]eview of convictions under section 2255 ordinarily is limited to questions of constitutional or jurisdictional magnitude, which may not be raised for the first time on collateral review without a showing of cause and prejudice."). The Court finds that Campbell has not satisfied the cause and prejudice standard necessary to overcome his default of these claims, and he is procedurally barred from raising them now. *See Torres*, 163 F.3d at 911; *Cervantes*, 132 F.3d at 1109.

Even if these claims were not procedurally barred, sovereign citizen arguments like those found in Campbell's Motion are not cognizable in a habeas proceeding and "are indisputably meritless." *See Westfall*, 2018 WL 2422058 at *2. "'It is common for sovereign citizens to utilize particular frivolous theories.' However, 'these citizens cannot

---

[3]   The Court Registry Investment System (CRIS) is an interest-bearing cash management tool administered by the Administrative Office of the U.S. Courts that enables clerks to comply with federal requirements concerning the handling of Court Registry Funds. *See* 28 U.S.C. § 2045.

claim to be sovereigns independent of governmental authority while they simultaneously ask the judicial system to grant them recourse.'" *United States v. Finley*, 2022 WL 3702084, at *8 (M.D. La. Aug. 26, 2022) (quoting *Mack v. Sweet*, 2017 WL 6756667, at *3 (N.D. Tex. Dec. 4, 2017)). "Consequently, courts routinely dismiss sovereign citizen claims—like those found in [Campbell's] Petition and Affidavit—as frivolous and without merit." *Brown v. Exeter Finance LLC*, 2021 WL 4342336, *5 (N.D. Tex. Aug. 27, 2021) (citing *Davis v. FNU LNU*, 2021 WL 3353969, at *7 (N.D. Tex. Jul. 13, 2021); *Westfall*, 2018 WL 2422059 at *2; *Berman v. Stephens*, 2015 WL 3622694, at *2 (N.D. Tex. June 10, 2015)); *see also Mason v. Anderson*, 2016 WL 4398680, at *2 (S.D. Tex. Aug. 18, 2016) (Miller, J.) ("[C]ourts routinely dismiss sovereign citizen claims.") (citing *Wirsche v. Bank of Am., N.A.*, 2013 WL 6564657, at *2 (S.D. Tex. Dec. 13, 2013) (Alvarez, J.) ("These teachings have never worked in a court of law – not a single time."); *Sochia v. Federal–Republic's Cent. Gov't*, 2006 WL 3372509, at *5 (W.D. Tex. Nov. 20, 2006) (collecting cases and describing sovereign citizen theories as "frivolous" and "rejected by every federal court that has considered them"); *United States v. Schneider*, 910 F.2d 1569, 1570 (7th Cir. 1990) (Posner, J.) (noting that the sovereign citizen defense has no conceivable validity in American law)).

Accordingly, Campbell's claims in Grounds 1, 6, 7, and 8 are denied.

## V.    CERTIFICATE OF APPEALABILITY

An appeal may not be taken to the court of appeals from a final order in a habeas corpus proceeding "unless a circuit justice or judge issues a certificate of appealability." 28 U.S.C. § 2253(c)(1)(A). The Section 2255 Rules instruct this Court to "issue or deny a

certificate of appealability when it enters a final order adverse to the applicant." RULE 11, § 2255 RULES.

A certificate of appealability (COA) "may issue . . . only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). "The COA determination under § 2253(c) requires an overview of the claims in the habeas petition and a general assessment of their merits." *Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003). To warrant a grant of the certificate as to claims denied on their merits, "[t]he petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). This standard requires a Section 2255 movant to demonstrate that reasonable jurists could debate whether the motion should have been resolved differently, or that the issues presented deserved encouragement to proceed further. *United States v. Jones*, 287 F.3d 325, 329 (5th Cir. 2002) (relying upon *Slack*, 529 U.S. at 483– 84). As for claims that the district court rejects solely on procedural grounds, the movant must show that "jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack*, 529 U.S. at 484.

The Court concludes that Campbell cannot establish either of the *Slack* criteria. That is, jurists of reasons would not find this Court's procedural rulings debatable, nor would they find it debatable whether the Motion states a valid claim of the denial of a constitutional right. Accordingly, Campbell is not entitled to a COA.

## VI.   CONCLUSION

For the foregoing reasons, Campbell's Motion under 28 U.S.C. § 2255, (Dkt. No. 416), is **DENIED**, and he is further **DENIED** a Certificate of Appealability.

It is SO ORDERED.

Signed on May 2, 2024.

DREW B. TIPTON
UNITED STATES DISTRICT JUDGE